UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

HERIBERTO MAYA RAMIREZ,

        Petitioner,

v.

ROBERT LYNCH et al.,

        Respondents.
_____/

Case No. 1:25-cv-1800

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action on December 16, 2025, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or, in the alternative, provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)

In an order entered on December 18, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on December 22, 2025, (ECF No. 4.), and Petitioner filed his reply on December 29, 2025, (ECF No. 5).

## II. Factual Background

Petitioner is a citizen of Mexico who arrived in the United States more than 25 years ago, in 1994. (Pet., ECF No. 1, PageID.3, 4.)

On September 14, 2025, Petitioner was encountered and arrested by ICE agents. (*Id.*, PageID.4.) On November 11, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Maya Ramirez v. Lynch*, No. 1:25-cv-1408 (W.D. Mich.) (*Maya Ramirez I*). In *Maya Ramirez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. *Maya Ramirez I*, ECF No. 6, 7 (W.D. Mich. Nov. 24, 2025).

On November 26, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4.) At that hearing, Petitioner presented evidence that he was not a flight risk or danger to the community because he has no criminal record other than a single conviction for driving without a license, has lived in the Country for 25 years, is the father of two United States citizen children, has a pending asylum application, and has been gainfully employed during his time within the United States. (*Id.*, PageID.4–5.) The government did not present any evidence to show that Petitioner was a flight risk or danger to the community. (*Id.*, PageID.5.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond because Petitioner had "not met his burden to show that he is not a flight risk." (Immigration Judge Order, ECF No. 1, PageID.10.)

**III.   Discussion**

Respondents argue that the Court should deny Petitioner's § 2241 petition on ground of jurisdiction, exhaustion, and on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.   Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:   January 27, 2026                                         /s/ Jane M. Beckering
                                                                              Jane M. Beckering
                                                                              United States District Judge